# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee

Nashville Division

|  |  |  |
|---|---|---|
| Debbie L. Dowell | ) | Case No. **3-24 -697** |
| *Plaintiff(s)* | ) | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) ) ) | Jury Trial: *(check one)* ☒ Yes ☐ No |
| -v- | ) ) | |
| Department of the Interior Deb Haaland, Secretary of the Interior Kimberly Bouchard, Regional Director | ) ) ) | |
| *Defendant(s)* | ) ) | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.      **The Parties to This Complaint**

A.      **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Debbie L. Dowell |
| Street Address | 301 Northcreek Blvd. Unit 185 |
| City and County | Goodlettsville |
| State and Zip Code | Tennessee 37070 |
| Telephone Number | 615-818-6974 |
| E-mail Address | wilso013@hotmail.com |

**B.**     **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Brenda Redwing |
| Job or Title *(if known)* | Transportation Engineer |
| Street Address | 545 Marriott Drive Suite 700 |
| City and County | Nashville  Davidson County |
| State and Zip Code | Tennessee 37214 |
| Telephone Number | 629-395-8951 |
| E-mail Address *(if known)* | Brenda.Redwing@bia.gov |

Defendant No. 2

| | |
|---|---|
| Name | Kimberly Bouchard |
| Job or Title *(if known)* | Regional Director |
| Street Address | 545 Marriott Drive Suite 700 |
| City and County | Nashville  Davidson County |
| State and Zip Code | Tennesse 37214 |
| Telephone Number | 615-565-6500 |
| E-mail Address *(if known)* | Kimberly.Bouchard@bia.gov |

Defendant No. 3

| | |
|---|---|
| Name | Bryan Bald Eagle |
| Job or Title *(if known)* | Deputy Regional Director - Indian Services |
| Street Address | 545 Marriott Drive Suite 700 |
| City and County | Nashville  Davidson County |
| State and Zip Code | Tennessee 37214 |
| Telephone Number | 615-924-0569 |
| E-mail Address *(if known)* | Bryan.BaldEagle@bia.gov |

Defendant No. 4

| | |
|---|---|
| Name | Eric Wilcox |
| Job or Title *(if known)* | Deputy Regional Director - Trust Services |
| Street Address | 545 Marriott Drive Suite 700 |
| City and County | Nashville  Davidson County |
| State and Zip Code | Tennessee 37214 |

| | |
|---|---|
| Telephone Number | 615-289-3215 |
| E-mail Address *(if known)* | Eric.Wilcox@bia.gov |

## C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Bureau of Indian Affairs - Eastern Region |
| Street Address | 545 Marriott Drive Suite 700 |
| City and County | Nashville  Davidson County |
| State and Zip Code | 37214 |
| Telephone Number | 615-564-6500 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒    Other federal law *(specify the federal law)*:

42 U.S.C. § 1981

☐    Relevant state law *(specify, if known)*:


☐    Relevant city or county law *(specify, if known)*:

## III.      Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.      The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☐ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☒ Unequal terms and conditions of my employment.
- ☐ Retaliation.
- ☒ Other acts *(specify)*:      Unequal rights under the law

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.      It is my best recollection that the alleged discriminatory acts occurred on date(s)

Ongoing - Present

C.      I believe that defendant(s) *(check one)*:

- ☒ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D.      Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☒ race         black
- ☐ color
- ☐ gender/sex
- ☐ religion
- ☐ national origin
- ☐ age *(year of birth)*         *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

E.      The facts of my case are as follows. Attach additional pages if needed.

1) Indian management officials have obstructed Plaintiff's right to make a contract with the Leadership Program
2) Indian management officials have unilaterally revoked Plaintiff's telework contract
3) Indian management officials have falsified government documentation in order to create a "Program Coordinator" position to prohibit Plaintiff from advancing to the supervisory level
4) Indian personnel has threatened, harassed and intimidated Plaintiff and subjected her to a Hostile Work Environment

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

Not applicable in 42 U.S.C. § 1981 claims

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☐ issued a Notice of Right to Sue letter, which I received on *(date)*   Not Applicable   .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff fears for her safety at the office and petitions this court for an order of protection (i.e. Plaintiff requests the court order the Defendant to reinstate Plaintiff's telework contract to allow her to telework four days per week, in order to mitigate her exposure to the offenders' abuse); Plaintiff requests the court order the Defendant to pay the $5,800 tuition plus travel fees and expenses due on behalf of the Plaintiff, in order for Plaintiff to enter into the pre-approved contract with the Leadership Program; Plaintiff requests that Brenda Redwing be permanently removed from Plaintiff's supervisory chain due to abuse of authority; Plaintiff requests exemplary damages in the amount of $23,000,000 for unlawful race discrimination and intentional infliction of emotional distress.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:       6/6/2024

Signature of Plaintiff       *Debbie L. Dowell, Civil Engineer*
Printed Name of Plaintiff       Debbie L. Dowell

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

**As Part of the Agency's Plan to Prohibit Plaintiff from Obtaining Appointment to the Vacant Supervisory Position, the Agency Willfully Obstructed Plaintiff's Ability to Enter into a Contract with the Leadership Program**

As one of the most highly motivated and outstanding applicants for the limited number of positions available, Plaintiff was one of only approximately 30 people in the Nation to be accepted into the Bureau of Indian Affairs Leadership Program. The Leadership program is designed to "put the icing on the cake" of outstanding leaders, and results in placement of the individual into a supervisory position. Brenda Redwing, GS-14 supervisor, has stated that she wants an Indian in the vacant GS-13 supervisory position. Accordingly, Brenda and her Indian colleagues have engaged in a collaborative effort to ensure that the Leadership Program does not receive Plaintiff's tuition payment.

**The Agency Took the Following Steps to Prevent Plaintiff from Receiving the Pre-Approved Tuition Payment for the Leadership Program, In Order to Permanently Stagnate Plaintiff's Career Progression:**

1. May 20, 2024: Plaintiff provided the payment link for tuition, travel estimate and Travel Justification memo to Brenda and Regional Director, Kim Bouchard. Kim notified Bryan Bald Eagle

2. May 21, 2024, Brenda claimed that she was unaware that Plaintiff had been accepted into the program. Accordingly, Plaintiff provided a copy of the respective email and Brenda responded, "Approved."

3. On May 23, Plaintiff followed up with a request for payment, and again provided the link to enter the payment information

4. May 23, Brenda disregarded the pay request and instead noted, "Deborah Moore will be providing the entire transportation office the travel request form to be filled out" which had no relevance to making the payment. Accordingly, Plaintiff again asked her to make the payment

5. From May 23-May 28, Brenda disregarded the need to make payment. Accordingly, Plaintiff notified Kim Bouchard. Kim notified Bryan Bald Eagle of the matter

6. May 29, Plaintiff forwarded the Travel Justification memos for Kim Bouchard's signature. Memos have not been signed to date.

7. May 29. In order to prohibit the payment from being made, Brenda sent Plaintiff on a "wild goose chase" wherein she told Plaintiff to prepare and sign a purchase requisition (PR) for the tuition payment, which has never been standard practice. Accordingly, Plaintiff prepared and submitted the requested PR at 7:53 am, and asked for Brenda to "please bear with me" as this is the first time I have ever been asked to prepare a purchase requisition for a training course, or to sign a purchase requisition

8. May 29, 9:17 am, Brenda told Plaintiff to resubmit the purchase requisition (PR) using a different form

9. May 29, In a separate email string, Plaintiff's co-worker Deborah Moore (Indian) forwarded a different form. Accordingly, Plaintiff used the new form to prepare and submit the requested purchase requisition a second time, at 11:54 am

10. May 29, 12:26 pm, Deborah Moore told Plaintiff that she did not use the correct form, and that form SF-182 (specific to training) will need to be submitted. Accordingly, Plaintiff filled out the SF-182 and submitted it as advised (a third form), at 12:44 pm

11. May 29, 10:06 pm (evening), Brenda provided a discriminatory disapproval of Plaintiff's Pre-scheduled admin leave request

12. May 30, 9:48 am, Deborah Moore sent the following message: "All, The training authorization forms have been submitted to Patti Kent. She will fill out the financial section and return to me.  Brenda and Bryan I will forward to you for signature after Patti completes her part"

13. May 31, Brenda relayed that she has no intention of making the payment for the Leadership Program at any time

14. May 31, 12:44 pm, Plaintiff requested from Brenda a copy of the Training authorization form that Deborah had [allegedly] sent to Patti on her behalf.

15. May 31, 12:57 pm, in a separate email chain, Brenda told Plaintiff to "ensure the form is completely filled in with information available.  Also, make sure a signature block is created for my signature." Accordingly, Plaintiff responded, "It was my understanding that Deborah had already sent the form to Patti so that Patti could fill out the financial data……"

16. May 31 3:50 pm, Deborah Moore restated that she had sent the form to Patti, and is awaiting Patti's response. There was never any response afterward.

17. June 4, 2024, Leadership Program Representative reminded Brenda Redwing that a SF-182 form is not needed. Accordingly, payment is to be made via payment link, as Plaintiff had brought to Brenda's attention on May 20th. Nevertheless, Indian management officials still refused to pay Plaintiff's (pre-approved) tuition and instead, began threatening and intimidating Plaintiff

18. Brenda continues to ignore Plaintiff's pending leave requests; Plaintiff has requested that HR assign the responsibility to a reasonable manager but Indian management personnel continue to disregard her concerns, thus Plaintiff is denied leave

**<u>Indian Management Personnel Began Threatening and Intimidating Plaintiff:</u>**

19. On May 28, Plaintiff notified Brenda that the light fixture / grate above Plaintiff's office desk had [suddenly] detached, which created a dangerous working condition in Plaintiff's work area. Plaintiff advised Brenda that the Property manager was informed and is in the process of making arrangements to repair the grate. Brenda then contacted the Property manager who agreed to notify her once the repairs had been made. Accordingly, Brenda noted in writing, that Plaintiff is "approved" to telework until she was notified by the Property Manager that the grate had been repaired. The grate is currently pending repair, thus the Property manager has not provided notice that the grate has been fixed.

b) On April 15, Plaintiff reported to HR that Brenda Redwing assigned David Campbell to harass and direct her. On May 30, Plaintiff reported to HR that management continues to allow David Campbell's harassment and intimidation.

20. June 4, 8 am, Brenda sent Plaintiff an email wherein she directed Plaintiff to come into her office, with full knowledge that Plaintiff was on approved telework that day, due to the grate above her office desk being in the process of repair. Accordingly, Plaintiff asked Brenda to send a Teams link so that she could meet with her virtually. Brenda responded that she was "not aware" that Plaintiff was teleworking, and accused Plaintiff of not having approval to telework that day. Accordingly, Brenda revoked Plaintiff's telework contract in its entirety, and demanded that Plaintiff come into the office for 5 days a week for the remainder of her career, while Brenda's Indian assistant, David Campbell, is given full authority to telework at any time per his or Brenda's preference

21. June 4, Brenda sent a discriminatory email to several of Plaintiff's colleagues, wherein Brenda accused Plaintiff of having lied about the broken light fixture over her office desk, and accused Plaintiff of not having been approved to telework

22. June 4, 6:02 pm (after hours), Brenda sent an email to Plaintiff wherein she falsely accused Plaintiff of not having responded to her demand that she come into the office that day. Accordingly, Brenda unilaterally revoked Plaintiff's approved telework contract.

23. On June 5, Brenda directed Plaintiff to report to her harasser, David Campbell, every morning throughout the rest of her career

24. On June 5 and June 6, Plaintiff suffered from migraines due to the Hostile Work Environment that she is forced to endure as a condition of her employment

25. June 6, the Agency cancelled Plaintiff's travel arrangements for the Leadership course

**As Part of the Agency's Plan to Prohibit Plaintiff from Obtaining Appointment to the Vacant Supervisory Position, the Agency Falsified Government Documentation in Order to Create a "Program Coordinator" Position in the Transportation Department**

26. While Plaintiff's application for appointment to the supervisory position was pending, Indian management personnel created a fraudulent "Program Coordinator" position.

27. In order to justify creation of the fraudulent Program Coordinator position, the Agency copied major duties noted in Plaintiff's GS-12 Civil Engineer Position Description, to include "Transportation Engineering" and placed them into the fraudulent "Program Coordinator" position description. The Program Coordinator position was then advertised under vacancy #STIMP-24-12301771-CAWY-MG.

28. Prior to creation of a Program Coordinator position in the Eastern Region Transportation Department, Bryan Bald Eagle told David Campbell that he would work toward advancing David to the supervisory level in the Eastern Region Transportation Department, since David's Civil Engineering Technician position did not advance beyond the GS-11 level.

29. On March 24, 2024, the Bureau of Indian Affairs promoted David Campbell from his GS-11 Civil Engineering **Technician** position to the newly created Program Coordinator position, despite David Campbell having neither an Engineering degree, nor experience in Transportation Engineering, Project Management, Design or Construction.

30. Upon David Campbell's appointment to the GS-12 Program Coordinator position, Indian management personnel began grooming him for advancement to the GS-13 supervisory grade that Plaintiff had applied for, and gave him authority to harass and direct Plaintiff to perform menial tasks to meet his personal preferences.

31. The Bureau of Indian Affairs hires management personnel who are not qualified to follow policies prohibiting unlawful race discrimination

32. The Bureau of Indian Affairs failed to protect Plaintiff from unlawful race discrimination

*Debbie Dowell*
Debbie Dowell
Civil Engineer
Pro Se

_____

(Signature)

DEBBIE L. DOWELL

(Print Name)

301 Northcreek Blvd. Unit 185

Goodlettsville, TN 37070

615-818-6974

(Address & Telephone Number, if any)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the (pleading)_____
has been served on:

(Name) *Brenda Redwing*
(Address) *545 Marriott Drive, Suite 700*
(Address) *Nashville TN 37214*

(Name) *Kimberly Bouchard*
(Address) *545 Marriott Drive Suite 700*
(Address) *Nashville, TN 37214*

(Name) *Bryan Bald Eagle*
(Address) *545 Marriott Drive, Suite 700*
(Address) *Nashville, TN 37214*

(Name) *Eric Wilcox*
(Address) *545 Marriott Drive, Suite 700*
(Address) *Nashville, TN 37214*

(Name) *DEB Haaland*
(Address) *1849 C. Street N.W.*
(Address) *Washington, D.C. 20240*

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

on the _6_ day of _June_ , 20_24_.

_____
Signature