# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| DEBBIE L. DOWELL, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No. 3: 24-cv-00697** |
| DEPARTMENT OF THE INTERIOR, ) | **Judge Aleta A. Trauger** |
| DOUG BURGUM,[1] SECRETARY OF ) | |
| THE INTERIOR, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM

Before the court are *pro se* plaintiff Debbie Dowell's Objections (Doc. No. 59) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 58), in which the Magistrate Judge recommends granting in part and denying in part defendant Doug Burgum's Motion to Dismiss Improper Parties and State Law Claim (Doc. No. 53). The defendants filed a Response to the Objections (Doc. No. 60),[2] and the plaintiff filed a Reply (Doc. No. 61).[3]

---

[1] The current Secretary of the Interior is Doug Burgum, successor to former Secretary Deb Haaland. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Burgum is "automatically substituted as a party," and Haaland, as the plaintiff recognizes (*see* Doc. No. 52 at 3), is thus automatically removed as a party.

[2] The Motion to Dismiss purports to have been filed only by defendant Secretary of the Interior. (*See* Doc. Nos. 53, 54.) The Response to the Objections was filed by "defendants." (*See* Doc. No. 60.)

[3] Local Rule 72.02 does not authorize the filing of a reply brief in further support of objections to a report and recommendation. Local Rule 7.01, which pertains to motions, authorizes reply briefs not to exceed five pages without leave of court. Aside from the fact that the plaintiff's eleven-page Reply (plus exhibits) is unauthorized and far exceeds the page limits set forth in Rule 7.01, it adds nothing new to the court's analysis, and the court declines to consider it.

For the reasons set forth herein, the plaintiff's Objections will be overruled, and the defendant's Motion to Dismiss will be granted, leaving intact the plaintiff's Title VII claims against Doug Burgum, in his official capacity as Secretary of the Department of the Interior.

## I.     STANDARD OF REVIEW

After being served with a report and recommendation as to a dispositive matter, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

However, the district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed

waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II.      BACKGROUND

### A.      The Pleading

The plaintiff originally filed this lawsuit in June 2024. Her Third Amended Complaint ("TAC") (Doc. No. 52), filed at the Magistrate Judge's direction, is now the operative pleading. It is comprised of a form Complaint for Employment Discrimination, to which the plaintiff attached a lengthy factual statement. The case caption of the TAC names as defendants the Department of the Interior ("DOI"), Doug Burgum in his official capacity as the Secretary of the DOI, and "Brenda Red Wing, Bryan Bald Eagle, *et al.*" (Doc. No. 52 at 1.) The body of the TAC adds Eric Wilcox and Kimberly Bouchard as defendants. (*Id.* at 2–3.)

In the form portion of the TAC, the plaintiff checked boxes to indicate that she brings claims for employment discrimination under Title VII of the Civil Rights Act of 1964 and "Relevant state law," including claims for intentional infliction of emotional distress ("IIED"), negligent infliction of emotional distress ("NIED"), and negligent supervision. (*Id.* at 3.) She states that the unlawful employment discrimination took the form of a failure to promote, unequal terms and conditions of employment, retaliation, and "Unlawful Discrimination; Hostile Work Environment." (*Id.* at 4.) The plaintiff identifies her race as "Foundational Black American / Black / a.k.a. African American," her color as Black, and her gender as female. (*Id.*)

In the factual statement appended to the form, the plaintiff alleges that she was employed in 2014 by "Defendant (Department of Interior [sic], Bureau of Indian Affairs)"[4] as a civil engineer in the Eastern Region Transportation Department. (*Id.* at 7.) She alleges that, "[a]t all relevant times," her first-level supervisor was Bryan Bald Eagle, Program Supervisor/Administrative Officer, and her second-level supervisor was Kim Bouchard, Regional Director.

Her fact statement details her allegations of being sexually harassed, terminated in retaliation for reporting the sexual harassment, reinstated after a successful appeal to the Merit Systems Protection Board ("MSPB"), and assigned to perform the work of a higher level (GS-13) supervisor who retired, but without a temporary appointment to the GS-13 position, in violation of a Collective Bargaining Agreement. She also alleges that she applied for and was denied a promotion to the open GS-13 supervisory position when supervisor Brenda Red Wing (in coordination with Bryan Bald Eagle and others) cancelled the position rather than appointing the plaintiff, a non-Native American female, to the position. The plaintiff alleges that this adverse action was discriminatory on the basis of "race, sex, and EEO activity." (*Id.* at 18.) She generally alleges that the Bureau of Indian Affairs ("BIA"), an agency within the DOI, engages in a pattern and practice of discriminating against employees and job applicants who are not Native American and that she suffered severe harassment and disparate treatment after complaining about discrimination.

---

[4] Ironically, the plaintiff takes issue in her Objections with the R&R's identification of her employer as the "United States Department of Interior ('DOI')," omitting the "the" before "Interior" in what is clearly either a typographical error or simply a repetition of how the plaintiff identified her employer. The formulation appears only once in the R&R, which otherwise refers either to the DOI or the Department of *the* Interior. The plaintiff's Objections repeatedly insist that there is no such organization as the "Department of Interior," and she therefore also objects to the R&R's reference to her employer throughout the R&R as the "DOI." This objection is patently frivolous and will not be addressed further.

In addition to her Title VII claims, the plaintiff asserts that a "supervisor/manager's failure to take appropriate disciplinary and/or corrective action will generally support a charge of negligent supervision." (*Id.* at 37.) She seeks damages and equitable relief, as well as attorney's fees, costs, and treble damages. (*Id.* at 38–39.)

**B.      The Motion to Dismiss**

The Secretary moved for partial dismissal, specifically requesting that "improper parties" be dismissed under Rule 12(b)(1), for lack of subject-matter jurisdiction, or under Rule 12(b)(6), for failure to state a claim for which relief may be granted. (Doc. No. 52.) More specifically, the Secretary argues that the DOI is a federal agency, that the only proper defendant in a federal employment discrimination case under Title VII is the head of the agency, and that any individuals identified in the TAC (including former DOI Secretary Deb Haaland, Brenda Red Wing, Kimberly Bouchard, Bryan Bald Eagle, Eric Wilcox, and "any other individuals listed" in the TAC) must be dismissed, at least with respect to the plaintiff's Title VII claims. (Doc. No. 54 at 3.) The Secretary further notes that the DOI is "improperly named" as a defendant. (*See id.*)

The Secretary also argues that the plaintiff has not properly exhausted her state tort claims by submitting an administrative claim to the DOI in compliance with the Federal Tort Claims Act ("FTCA"), as a result of which the tort claims must be dismissed. (*Id.* at 3.) The Secretary does not expressly argue that the tort claims must be dismissed on the basis that they are asserted against the DOI rather than against the United States, though he does state that "[a]ny tort claim against the United States is barred unless preceded by presentation of an administrative claim to the appropriate Federal agency." (*Id.* (citing 28 U.S.C. § 2675(a)).) The Secretary's motion is supported by the Declaration of Bennett Tuchawena, DOI Human Resources Specialist, who attests that the plaintiff has not submitted an administrative claim to the DOI related to any "Tort Claims Act" violation. (Doc. No. 55, Tuchawena Decl. ¶ 7.)

The plaintiff filed a Response in which she points out that she did, in fact, name the appropriate head of the agency as the defendant with respect to her Title VII claims. (Doc. No. 56 at 4–5.) She does not appear to object to the dismissal of the individual defendants with respect to those claims, other than by vaguely objecting to the Secretary's assertion that naming the individual defendants "constitutes a violation of the statute." (*Id.* at 5.)

In response to the Secretary's contention that she did not administratively exhaust her tort claims as required by the FTCA, the plaintiff confusingly asserts that she filed a complaint with the DOI/BIA Office of Equal Opportunity and Civil Rights Programs ("EEO"). She attached to her Response the first page of a November 22, 2022 EEO "Notice of Acceptance" of a complaint alleging disparate treatment and harassment based on race and sex. (Doc. No. 56 at 11.) The plaintiff also filed MSPB documents showing that she filed a timely appeal of the DOI's decision to remove her in 2019 and that the MSPB reversed the DOI's decision and reinstated the plaintiff in June 2020. (Doc. No. 59-1 at 43.)

### C.     The R&R

The R&R, first, recognizes the plaintiff's statement in the TAC that she had named Deb Haaland, Burgum's predecessor, in prior complaints but that Burgum, as the current Secretary of the Interior, should be substituted as the proper defendant and, second, agrees with the plaintiff that Burgum is the proper defendant. (Doc. No. 58 at 3.) The R&R also recommends dismissing the other individual defendants as improper defendants with respect to the plaintiff's federal employment discrimination claims. (*Id.* (citing 42 U.S.C. § 2000e-16(c); *Mulhall v. Ashcroft*, 287 F.3d 543, 550 (6th Cir. 2002)).)

Regarding the state law claims, the R&R acknowledges the plaintiff's submission of a document showing that she presented an EEO complaint (*see id.* at 8) but nonetheless finds that the plaintiff fails to show that she exhausted her state law tort claims as required by the FTCA.

The R&R finds as a matter of law that the state law tort claims asserted against the DOI must be dismissed for lack of subject matter jurisdiction, based on the plaintiff's failure to comply with the FTCA's procedural requirements—specifically because she did not exhaust her state law claims, but also because she sues the federal agency rather than the United States itself. With respect to her negligent supervision claim, the R&R recommends dismissal because the FTCA did not waive the United State's immunity with respect to that claim.

In addition, however, the Magistrate Judge recommends dismissing the tort claims against the individual defendants because the FTCA provides the exclusive remedy for state torts committed by federal officials acting within the scope of their employment. (*Id.* at 5–6 (citing 28 U.S.C. §§ 2679(a) (b), 1346(b)).) The R&R recognizes that the court could exercise supplemental jurisdiction over tort claims against individual defendants for actions taken outside the scope of their employment. (*Id.* at 7.) However, because the Magistrate Judge finds that the plaintiff "does not allege that any of the individual defendants acted outside the scope of employment," he concludes that the court lacks supplemental jurisdiction over her state law claims. (*Id.*) He therefore recommends dismissal of the state tort claims against all defendants for lack of subject matter jurisdiction.

## III.    THE PLAINTIFF'S OBJECTIONS

Many of the plaintiff's objections are frivolous and irrelevant. For example, aside from objecting that no such entity as the "Department of Interior" exists (*see* Note 4, *supra*), the plaintiff objects to the Magistrate Judge's characterization of the factual background, even though his summary is taken, in some cases, verbatim from the TAC and, moreover, has no bearing on his ultimate legal conclusions. These objections will be overruled without discussion.

The court, however, construes the Objections as raising several non-frivolous arguments, including: (1) that the Magistrate Judge erred in finding that the plaintiff did not properly exhaust

her state law claims falling within the scope of the FTCA;[5] (2) that the Magistrate Judge erred in concluding that only the United States is an appropriate defendant with respect to FTCA claims, when the defendants did not object on that basis or argue that the claim must be dismissed because the plaintiff had not named the United States as a defendant, and, she claims, she clearly served process on the United States through the procedure set forth in Rule 4 of the Federal Rules of Civil Procedure; (3) the Magistrate Judge erred in finding that the TAC does not adequately allege that the individual defendants acted outside the scope of their employment "when they subjected Plaintiff to a hostile work environment permeated with discriminatory intimidation, ridicule, and insult that was severe or pervasive enough to alter the conditions of her employment" (Doc. No. 59 at 15), and therefore erred in finding that the court cannot exercise supplemental jurisdiction over the state law claims against the individual defendants; and (4) the Magistrate Judge erred in recommending dismissal of the negligent supervision claim for lack of subject matter jurisdiction when he "assumed facts not in evidence" (*id.* at 20).

## IV.   DISCUSSION

### A.     Bringing Tort Claims Against the United States

The plaintiff always has the burden of establishing subject matter jurisdiction. *Clark v. Stone*, 998 F.3d 287, 294 (6th Cir. 2021) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)). And the United States and federal agencies are immune from

---

[5] In support of her insistence that she properly exhausted her tort claims, the plaintiff filed with her Objections what she refers to as "a copy of the full administrative claim related to a 'Tort Claims Act' violation." (Doc. No. 59 at 13.) These documents show that the plaintiff filed employment discrimination complaints with the DOI EEO in 2022 and 2024 that were dismissed in 2024. (*See, e.g.*, Doc. No. 59-1 at 2 (Nov. 22, 2022 EEO "Notice of Acceptance" of complaint); Doc. No. 59-1 at 7 (Aug. 20, 2024 EEO "Notice of Acceptance" of complaint); Doc. No. 59-1 at 47 (EEO Dec. 23 2024 Order of Dismissal).) Also included are some of the documents related to the plaintiff's appeal to the Merit Systems Protection Board of her termination in 2019, which the MSPB reversed in 2020. (*See id.* at 38–45.)

suit unless they expressly waive sovereign immunity and consent to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted); *Stocker v. United States*, 705 F.3d 225, 230 (6th Cir. 2013).

"The FTCA, enacted in 1946, 'was designed primarily to remove the sovereign immunity of the United States from suits in tort.'" *Levin v. United States*, 568 U.S. 503, 506 (2013) (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962)). As the Supreme Court has explained, the FTCA is embodied in two different areas of the U.S. Code. The first part, 28 U.S.C. § 1346(b), "gives federal district courts exclusive jurisdiction over tort claims against the United States for the acts of its employees '[s]ubject to the provisions of chapter 171' of Title 28." *Simmons v. Himmelreich*, 578 U.S. 621, 625 (2016) (quoting 28 U.S.C. § 1346(b)(1)). The second part, Chapter 171 of Title 28, Part VI, entitled "Tort Claims Procedure," "comprises the remaining provisions of the FTCA." *Id.* (citing 28 U.S.C. §§ 2671–2680).

As relevant here, § 1346(b) gives the district courts jurisdiction over claims "against the United States" for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). The FTCA defines "employee of the Government" to include "officers or employees of any federal agency." *Id.* § 2671. The FTCA does not authorize claims directly against federal agencies; instead, it only authorizes suits against the United States. 28 U.S.C. §§ 2675, 2679(a); *see also id.* § 2679(b)(1) (making the "remedy against the United States provided by [§] 1346(b) . . . exclusive of any other civil action or proceeding for money damages" "arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment")." Likewise, "[u]nder the exclusive remedies provision, a plaintiff generally cannot

sue an employee where the FTCA would allow him to sue the United States instead." *Simmons*, 579 U.S. at 627–28 (citing 28 U.S.C. § 2679(b)(1)). This provision, 28 U.S.C. § 2679(b), is also referred to as the "Westfall Act." *See, e.g.*, *Rector v. United States*, 243 F. App'x 976, 978 (6th Cir. 2007) ("The Westfall Act immunizes federal employees from liability for torts they commit when acting within the scope of their federal employment. 28 U.S.C. § 2679(b)(1)."). Further, the FTCA has an exhaustion requirement, pursuant to which no action within the purview of the FTCA may be brought against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).

All of this means that, if an individual government employee acted within the scope of his employment in committing the state tort that is the subject of the plaintiff's complaint, the plaintiff's only remedy is to bring an FTCA action against the United States. *Levin v. United States*, 568 U.S. 503, 507, 510 (2013). And only the United States—not individual employees and not a federal agency—is a proper defendant in an FTCA action. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 476 (1994) ("Thus, if a suit is 'cognizable' under § 1346(b) of the FTCA, the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name' . . . ."); *Simmons*, 578 U.S. at 627–28 ("Under the exclusive remedies provision, a plaintiff generally cannot sue an employee where the FTCA would allow him to sue the United States instead."). "A private tort action can be brought against the employee only when the employee acts outside the scope of employment." *Dickson v. Wojcik*, 22 F. Supp. 3d 830, 836 (W.D. Mich. 2014) (citing *Rector v. United States*, 243 F. App'x 976, 978 (6th Cir. 2007)). "Whether an employee was acting within the scope of his employment is a question of law, not fact, made in accordance with the law of the state where the

conduct occurred." *Id.* (quoting *RMI Titanium Co. v. Westinghouse Electric Corp.*, 78 F.3d 1125, 1143 (6th Cir. 1996)).

### B.     The United States Is the Only Appropriate Defendant for FTCA Claims

The plaintiff argues that the Magistrate Judge erred in finding that the United States is the only appropriate defendant with respect to FTCA claims, when the defendants did not object on that basis or argue that the claim must be dismissed because the plaintiff did not name the United States as a defendant. She also claims that she served process on the United States through the procedure set forth in Rule 4 of the Federal Rules of Civil Procedure.

The law is clear, as set forth above, that, for "personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government," the "remedy against the United States" provided by the FTCA is "exclusive." *See* 28 U.S.C. § 2679(b)(1); *see also Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) ("The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee."); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit."). The plaintiff did not name the United States as a defendant, and the court lacks subject matter jurisdiction to consider the claims against the individual defendants and the DOI if those claims could have been brought against the United States based on the waiver provided by the FTCA. *See Galvin*, 860 F.2d at 183 ("Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction.").

This objection is overruled.

**C.      Exhaustion of State Law Claims Under FTCA**

Because the court lacks subject matter jurisdiction, the question of whether she exhausted administrative remedies is somewhat beside the point, but it provides an additional basis for dismissing the plaintiff's tort claims.

As set forth above, "[a] prerequisite to suit under the FTCA . . . is the exhaustion by the plaintiff of administrative remedies." *Lundstrom v. Lyng*, 954 F.2d 1142, 1445 (6th Cir. 1991). To fully exhaust, the plaintiff must "1) give written notice of a claim sufficient to enable the agency [at issue] to investigate the claim and 2) place a value (or 'sum certain') on the claim." *Glarner v. U.S. Dep't of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994). "These requirements derive from 28 U.S.C. § 2675, which provides procedures for filing claims against the government." *Id.* A failure to exhaust is "fatal" to the plaintiff's state law tort claims that fall within the scope of the FTCA. *Adu-Beniako v. Reimann*, No. 20-cv-12402, 2021 WL 4310612, at *5 (E.D. Mich. Sept. 22, 2021).

The plaintiff asserts that the Magistrate Judge erred in finding that she did not properly exhaust her state law claims falling within the scope of the FTCA. The plaintiff, however, points to no evidence in the record to refute that finding. Exhaustion of her federal employment discrimination claims through an administrative claim before the EEO, raising employment discrimination claims, did not serve as notice of the plaintiff's IIED, NEID, and negligent supervision claims. Likewise, nothing supports her suggestion that she exhausted these state tort claims in the appeal of her termination to the MSPB in 2019.

The plaintiff has not shown that the Magistrate Judge's finding that she did not exhaust her claims was in error, and this objection, too, is overruled.

### D. Whether the Individual Defendants Acted Outside the Scope of Their Employment

The plaintiff's third objection is that the Magistrate Judge erred in finding that the TAC does not adequately allege that the individual defendants acted outside the scope of their employment "when they subjected Plaintiff to a hostile work environment permeated with discriminatory intimidation, ridicule, and insult that was severe or pervasive enough to alter the conditions of her employment." (Doc. No. 59 at 15.)

The R&R notes that, because the court has federal question jurisdiction over Dowell's Title VII claims, "the court could exercise supplemental jurisdiction over her state court claims for IIED or NIED and negligent supervision. However, because the FTCA provides the exclusive recourse for torts committed by employees acting within the scope of their employment, Dowell may only bring a tort claim against the individual defendants based on the court's supplemental jurisdiction if they acted outside the scope of their employment." (Doc. No. 58 at 7.) The R&R goes on to find that Dowell does not allege that any of the individual defendants acted outside the scope of their employment, based on Tennessee law. (*Id.* (citing *Thurmon v. Sellers*, 62 S.W.3d 145, 153 (Tenn. Ct. App. 2001)).) Because the plaintiff does not allege facts that, taken as true, would establish that the defendants acted outside the scope of their employment, the Magistrate Judge recommends dismissal of the claims for lack of supplemental jurisdiction over those claims. (*Id.*)

The plaintiff does not object to the Magistrate Judge's legal conclusions. And the law is clear that the FTCA "waives sovereign immunity for claims of 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the [United States] while acting within the scope of his office or employment.'" *Mynatt v. United States*, 45 F.4th 889, 894–95 (6th Cir. 2022) (quoting 28 U.S.C. § 1346(b)(1)). Therefore, "[t]o fall within the FTCA, 'the [alleged] negligent or wrongful act or omission' must have occurred

while the employee was 'acting within the scope of h[er] office or employment.'" *Stout v. United States*, 721 F. App'x 462, 472 (6th Cir. 2018) (quoting 28 U.S.C. § 1346(b)(1)). Conduct *outside* a federal employee's scope of employment is also outside the scope of the FTCA's waiver of immunity, meaning that the United States retains immunity for such claims, but the individual employees may be personally liable for that conduct. *Roberts v. United States*, 191 F. App'x 338, 341 (6th Cir. 2006). State law determines whether a federal employee acts within the scope of her employment. *Id.* (citing *Singleton v. United States*, 277 F.3d 864, 870 (6th Cir. 2002)).

Tennessee courts typically rely on the Restatement (Second) of Agency for guidance in determining whether an employee's conduct is within the scope of her employment. *Ellington v. Cajun Operating Co.*, No. W2020-00087-COA-R3-CV, 2021 WL 507888, at *4 (Tenn. Ct. App. Feb. 10, 2021) (citing Hughes v. Metro. Gov't, 340 S.W.3d 352, 363 (Tenn. 2011)). "Whether the conduct of an employee was within the scope of his employment is fact-intensive. While there is no bright-line rule, the several factors identified in the Restatement (Second) of Agency sections 228 and 229 provide proper guidance on the issue." *Hughes*, 340 S.W.3d at 366. Section 228 states:

> (1) Conduct of a[n employee] is within the scope of employment if, but only if:
>
>> (a) it is of the kind he is employed to perform;
>>
>> (b) it occurs substantially within the authorized time and space limits;
>>
>> (c) it is actuated, at least in part, by a purpose to serve the master; and
>>
>> (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.
>
> (2) Conduct of a[n employee] is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.

Restatement (Second) of Agency § 228 (1958).

The plaintiff objects to the R&R's conclusion that she did not plausibly allege that defendant Brenda Redwing acted outside the scope of her employment. (Doc. No. 59 at 15.) But the facts to which the plaintiff points in support of her objection all concern Redwing's denying the plaintiff a job promotion, allegedly in retaliation against the plaintiff for engaging in protected conduct. (*Id.* at 15–16.) Denying the plaintiff a job promotion for reasons that violated Title VII is actionable under Title VII, but it is not conduct outside the scope of Redwing's employment. Because the conduct was within the scope of her employment, the court lacks subject matter jurisdiction over the tort claims arising from that action.

### E. Whether the Magistrate Judge Erred in Recommending Dismissal of the Negligent Supervision Claim

The R&R also found that the negligent supervision claim should be dismissed for lack of subject matter jurisdiction, on the basis that "the employment decisions of a federal agency are a 'discretionary function,' and therefore not subject to the United States' waiver of sovereign immunity under the FTCA." (Doc. No. 58 at 9 (citing *Snyder v. United States*, 590 F. App'x 505, 509 (6th Cir. 2014). The plaintiff objects to that conclusion, asserting that the Magistrate Judge "assumes facts not in evidence." (Doc. No 59 at 20.) She asserts that, based on the DOI-BIA's Anti-Harassment Policy, "negligent supervision is neither an 'employment decision' nor a 'discretionary function.'" (*Id.* (citing Anti-Harassment Policy ¶ 7.E, attached as an exhibit to the TAC and the plaintiff's Objection, Doc. No. 59-1 at 78).)

While the FTCA generally waives governmental immunity for claims based on the "negligent or wrongful act or omission" of federal employees acting within the scope of their employment, 28 U.S.C. § 1346(b)(1), "[t]he FTCA's waiver of immunity is limited, and contains a series of exceptions." *Kohl v. United States*, 699 F.3d 935, 939 (6th Cir. 2012). "One of these exceptions—known as the discretionary-function exception—states that the FTCA's waiver does

not apply to '[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" *Id.* at 939–40 (quoting 28 U.S.C. § 2680(a)). Thus, if a claim falls within this exception, immunity is not waived, and the federal court, lacking subject matter jurisdiction, must dismiss the claim. *Id.* at 940.

Courts generally apply a two-part test to determine whether the discretionary function exception applies. First, the court must determine "whether the challenged act or omission violated a mandatory regulation or policy that allowed no judgment or choice." *Id.* (citation omitted). If so, the exception does not apply, because it did not involve the exercise of discretion. If not, such that "there was room for judgment or choice in the decision made," meaning that the "challenged conduct was discretionary," then the court must "evaluate whether the conduct is of the kind that the discretionary function exception was designed to shield from liability." *Id.* (internal quotation marks and citation omitted).

Applying this test, the Sixth Circuit "has consistently held that agency supervisory and hiring decisions fall within the discretionary function exception." *Snyder v. United States*, 590 F. App'x 505, 510 (6th Cir. 2014) (collecting cases and noting that "[t]his conclusion is consistent with the precedent of our sister circuits"); *see also Stout v. United States*, 721 F. App'x 462, 467 (6th Cir. 2018) (citing *Snyder*). In *Snyder*, for example, the plaintiff alleged that the United States "negligently hired, failed to train, [and] negligently retained and/or supervised [its] employees"— thus obviously "suggest[ing] that her claim [was] related to 'employment decisions'"—but she did not point to any "specific regulations that would constrain the judgment exercised in making these decisions," for purposes of step one of the test. *Id.* at 509–10. At the second step, the court reasoned that "supervision, training, and retention require policy judgments—the type that Congress

intended to shield from tort liability." *Id.* at 510. The court therefore held that the district court lacked subject matter jurisdiction over the claim.

In this case, the court construes the plaintiff's objection as asserting that the DOI/BIA's Anti-Harassment Policy constrained the exercise of her supervisor's judgment in this case—that is, that her supervisor's action "violated a mandatory regulation or policy that allowed no judgment or choice." *Rosebush v. United States*, 119 F.3d 438, 441 (6th Cir. 1997). If that is true, however, then the negligent conduct falls within the scope of the FTCA's waiver of immunity, which means that the claim, rather than being dismissed for lack of subject matter jurisdiction, must be dismissed for failure to exhaust the claim against the United States as required by the FTCA. In either event, the claim must be dismissed.

Accordingly, the court overrules this objection as well.

## V.      CONCLUSION

For the reasons set forth herein, the plaintiff's Objections (Doc. No. 59) to the R&R (Doc. No. 58) will be overruled, and the defendant Doug Burgum's Motion to Dismiss Improper Parties and State Law Claim (Doc. No. 53) will be granted. As a result of this ruling, all defendants and all claims will be dismissed, *except* for the plaintiff's discrimination and retaliation claims against Doug Burgum in his official capacity as Secretary of the Interior. An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge