IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **DEBBIE L. DOWELL,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DEPARTMENT OF THE INTERIOR, DOUG BURGUM, SECRETARY OF THE INTERIOR,** ***et al.*****,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 3: 24-cv-00697**<br>**Judge Aleta A. Trauger** |

**MEMORANDUM and ORDER**

Before the court are the following motions filed by *pro se* plaintiff Debbie Dowell:

(1) "Plaintiff's Motion for Review of Nondispositive Order of Magistrate Judge (D.E. 85), Prospective Rule 30 Relief, Reassignment of Future Pretrial Matters, and Request for Direct Adjudication of Plaintiff's Pending Retaliation Motion" (Doc. No. 87);

(2) "Plaintiff's Motion to Ascertain Status and for Expedited Disposition of the Referral Requests in Her motion for Review (D.E. 87)" (Doc. No. 93);

(3) "Plaintiff's Motion for Review of Nondispositive Order of Magistrate Judge (D.E. 85), for Complete Withdrawal of the Magistrate-Judge Referral Under 28 U.S.C. § 636(b)(1), and for Expedited Discovery Relief" (Doc. No. 101); and

(4) "Plaintiff's Objection Under Fed. R. Civ. P. 72(a) to the Magistrate Judge's Order of October 19, 2026 (D.E. 107)" (Doc. No. 120) and "Supplement to Her Objection" (Doc. No. 122);

For the reasons set forth herein, these motions will be denied in their entirety, and the contested orders will be affirmed.

## I. STANDARD OF REVIEW

When a magistrate judge issues a nondispositive order, any party has fourteen days within which to "serve and file objections to the order." Fed. R. Civ. P. 72(a).[1] The district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 398 (1948); *Chesnut v. United States*, 15 F.4th 436, 451 (6th Cir. 2021). A legal conclusion is reviewed *de novo* and is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. Winsper*, No. 3:08-CV-631-H, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).

## II. BACKGROUND

The plaintiff originally filed this lawsuit in June 2024, and the case was referred to the Magistrate Judge for pretrial proceedings. (Doc. No. 5.) The Third Amended Complaint (Doc. No.

---

[1] Pursuant to the court's Local Rules, for docketing and case management reasons, "Objections to decisions of Magistrate Judges on nondispositive matters in civil cases under Fed. R. Civ. P. 72(a), must be formatted and styled as a 'Motion for Review of Nondispositive Order of Magistrate Judge.'" L.R. 72.01(a). Documents filed as "Objections" will not be flagged as pending motions on the docket and, consequently, risk being overlooked by the court. The plaintiff has, for the most part, complied with this requirement.

The court notes that, however styled, a motion for review functions as objections and requires the court to review and consider the objections set forth in the motion. The denial of a motion for review means, not that the court declines review, but that the court overrules the objections set forth in the motion for review.

52), filed in July 2025 at the Magistrate Judge's direction, is now the operative pleading. It is comprised of a form Complaint for Employment Discrimination, supplemented by a lengthy factual statement. Following the resolution of the defendants' Rule 12 motion, the sole remaining defendant is Doug Burgum in his official capacity as the Secretary of the Department of the Interior ("DOI"), and the only remaining claims against him are for employment discrimination and retaliation. (*See* Doc. Nos. 62, 63.)

In July 2026, the Magistrate Judge entered a Scheduling Order that, among other things, established deadlines for amending pleadings, completing discovery, and filing dispositive motions. (Doc. No. 67.) The Magistrate Judge also clearly notified the parties that "failure to cooperate in discovery . . . may result in a recommendation to dismiss this case." (*Id.* at 2.) Since entry of the Scheduling Order, the parties, and particularly the plaintiff, have filed motions at a pace making it difficult for the court to keep up and suggesting that the Magistrate Judge's exhortation that the parties cooperate in conducting discovery fell on deaf ears.

## III. "PLAINTIFF'S MOTION FOR REVIEW OF NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE (D.E. 85), PROSPECTIVE RULE 30 RELIEF, REASSIGNMENT OF FUTURE PRETRIAL MATTERS, AND REQUEST FOR DIRECT ADJUDICATION OF PLAINTIFF'S PENDING RETALIATION MOTION" (DOC. NO. 87)

On September 28, 2026, the Magistrate Judge entered an Order ("September 28 Order") (Doc. No. 85) addressing three nondispositive motions relating to depositions sought by the plaintiff: (1) "Plaintiff's Expedited Motion for Issuance of Deposition Subpoenas," which sought an order "authorizing the Clerk to issue subpoenas commanding Brenda Red Wing and Eric L. Wilcox, Sr. to attend and testify at their previously noticed depositions on September 30, 2026" (Doc. No. 74 at 1); (2) "Plaintiff's Expedited Motion for a Protective Order Regarding Attendance at the September 30, 2026 Depositions of Brenda Red Wing and Eric Wilcox" (Doc. No. 76); and

(3) the defendant's Motion for a Protective Order Regarding Scheduling the Deposition of Brenda Red Wing (Doc. No. 80).

Each of these motions was exhaustively briefed by the parties, and the September 28 Order thoroughly addresses the parties' arguments and positions before concluding that, although neither party appeared to be acting in bad faith, the parties needed to try to cooperate regarding the scheduling of depositions and, further, that Rule 45 subpoenas for these particular party witnesses were not necessary. Finding that the defendant had established good cause for Red Wing's unavailability on September 30, 2026 and that rescheduling the deposition was appropriate, the Magistrate Judge denied the plaintiff's motions, granted the defendant's, and directed the parties to "meet and confer to determine a mutually agreeable time and place to conduct" the two depositions at issue. (Doc. No. 85 at 5.)

The plaintiff thereafter filed her Motion for Review, which seeks, in addition to the court's review of the September 28 Order, "prospective Rule 30 relief, modification of the referral of future discovery and pretrial matters, withdrawal of the referral as to Plaintiff's pending Rule 34 Motion to Compel, D.E. 75, and direct adjudication by District Judge Aleta A. Trauger of Plaintiff's pending Motion for Partial Summary Judgment on Title VII retaliation, D.E. 71–73." (Doc. No. 87 at 1.)[2] With her motion, the plaintiff filed a supporting Memorandum of Law. (Doc. No. 87-1.) The defendant filed a Response, and the plaintiff filed a Reply. (Doc. Nos. 94, 95.)

While the plaintiff objects to the Order, arguing in particular that the defendant failed to satisfy the express certification requirement of Rule 26(c)(1) in filing his Motion for a Protective Order, the primary focus of her motion is to ask the court to modify the referral order, asking that

[2] She also asks for the court's direct resolution of a Motion to Compel currently pending before the Magistrate Judge. (Doc. No. 87-1 at 20.)

the undersigned directly review all pending and future discovery disputes as well as the plaintiff's then-pending motion for partial summary judgment.[3] She argues that errors by the Magistrate Judge are "material because their recurring practical effect has been to impair Plaintiff's use of the Federal Rules to obtain discovery, enforce production, protect testimony, and obtain merits consideration of her affirmative motions." (Doc. No. 87-1 at 22.) She asks that the court

> grant review under Rule 72(a), set aside the portion of D.E. 85 granting D.E. 80, hold that D.E. 80 did not satisfy Rule 26(c)(1) or make the particularized showing of good cause Rule 26(c) requires, and restore the ordinary Rule 30 framework for Plaintiff's remaining depositions. Absent written agreement or a Rule 26(c)(1)-compliant protective order supported by particularized good cause, a properly noticed deposition should remain operative without requiring defense counsel's prior consent.

(*Id.* at 22–23.) She also insists that withdrawal of the referral is required by 28 U.S.C. § 455(a).

While Rule 26(c)(1) generally requires any motion for a protective order to include a certification that "the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action," and the defendant's Motion for Protective Order (Doc. No. 80) did not include such a certification, the plaintiff is not entitled to the relief sought. To be entitled to relief, the plaintiff must show that the Magistrate Judge abused his discretion in resolving what boils down to a discovery dispute. In resolving it, the Magistrate Judge exhorted the parties to work together to schedule the necessary depositions. At this juncture, the September 30 date on which the plaintiff sought to schedule the two depositions has long passed, and rather than attempting to work together to reschedule these depositions, the plaintiff drafted and filed a 25-page Memorandum arguing about a dispute already largely rendered moot by the passage of time..

---

[3] That motion having now been denied without prejudice, the plaintiff's request for the court's direct review is moot.

The plaintiff also has not provided a compelling basis for withdrawing the referral or seeking the recusal of the Magistrate Judge. Her Motion for Review (Doc. No. 87) is **DENIED**, and the underlying Order (Doc. No. 85) is **AFFIRMED**.

## IV. THE PLAINTIFF'S MOTION FOR EXPEDITED REVIEW (DOC. NO. 93) AND SECOND MOTION FOR REVIEW (DOC. NO. 101)

The plaintiff's Motion to Ascertain Status and for Expedited Disposition of her earlier Motion for Review (Doc. No. 93) is **DENIED AS MOOT**.

The plaintiff's second Motion for Review (Doc. No. 101) of the September 28 Order (Doc. No. 85) is likewise **DENIED AS MOOT**. Insofar as the plaintiff seeks additional relief relating to the scheduling of the same depositions and other relief, the court **DENIES** the request to withdraw the referral. The plaintiff must continue to submit discovery disputes to the Magistrate Judge.

The plaintiff is also advised that continuing to file duplicative motions and "expedited" motions will not result in speedier resolution of requests for relief and instead serves only to further clog the court's already full docket.

## V. PLAINTIFF'S OBJECTION (DOC. NO. 120) TO MAGISTRATE JUDGE'S OCTOBER 19, 2026 ORDER (DOC. NO. 107) AND SUPPLEMENTAL OBJECTION (DOC. NO. 122)

On October 19, 2026, the Magistrate Judge entered an Order ("October 19 Order") (Doc. No. 107) denying without prejudice four more deposition-related motions filed by the plaintiff: (1) Plaintiff's Expedited Motion for Order Authorizing Oral Depositions (Doc. No. 96); (2) Plaintiff's Expedited Motion to Enforce the Eight Noticed Depositions on Their Exact Dates and Compel Witness Production and Subpoena-Service Information (Doc. No. 97); (3) Plaintiff's Motion for Order Authorizing the Clerk to Issue Three Rule 45 Deposition Subpoenas (Doc. No. 98); and (4) Plaintiff's Expedited Motion for Issuance of Two Deposition Subpoenas (Doc. No. 103).

As the Magistrate Judge explained, the plaintiff's "current motion practice surrounding the conduct of depositions in this case is both unhelpful and unnecessary to advance the litigation. Instead, it is unnecessarily burdening the parties and the Court . . . ." (Doc. No. 107 at 1.) He also observed that, in scheduling depositions, parties "are expected to coordinate to address scheduling issues and availability of counsel, Parties, and deponents." (*Id.* at 2.) The Magistrate Judge, after reviewing the parties' "voluminous communications filed in support" of the parties' positions was "not satisfied with the Parties' meet and confer efforts." (*Id.* at 2.) He denied the plaintiff's motions without prejudice and directed the parties to *meet and confer* to resolve the issues regarding the production of witnesses for deposition. He also set a firm deadline by which the defendant must provide the plaintiff the dates on which the proposed deponents and counsel were available and instructed the parties to work together to "choose a mutually agreeable date, time, place and method for conducting the depositions." (*Id.* at 3.)

Rather than simply comply with that Order, the plaintiff objected to it, at length. Her objections also seek relief not sought in the underlying motions and not appropriate for inclusion in a motion for review. (Doc. No. 120.) She supplemented her Objection with "facts that arose after she submitted" the original Objection. (Doc. No. 122 at 1.)

Again, the court finds no clear error of law, erroneous factual finding, or abuse of discretion by the Magistrate Judge. The plaintiff's Objection and Supplemental Objection are both **OVERRULED**, and the October 19 Order is **AFFIRMED**.

## VI. CONCLUSION

In sum, the plaintiff's motions pending before the undersigned (Doc. Nos. 87, 93, 101, 120) are not well taken and are **DENIED** in their entirety. The contested Orders (Doc. Nos. 85, 107) are **AFFIRMED**.

In addition, the court observes that the defendant's Motion for an Extension of Time (Doc. No. 116), seeking an extension of the deadline for responding to a motion that has now been denied without prejudice, is still pending. This motion (Doc. No. 116) is **DENIED AS MOOT**.

Finally, the undersigned has conferred with the Magistrate Judge and has been assured of his intention to rule promptly on the plaintiff's pending Motions to Compel (Doc. Nos. 75, 105.) The plaintiff's Motion to Ascertain Status (Doc. No. 99) is therefore also **DENIED AS MOOT**.

The parties, and the plaintiff in particular, are encouraged to focus their attention on the completion of discovery that is relevant and proportional to the needs of the case, rather than continuing to expend energy on motions seeking court intervention to resolve matters typically resolved by agreement. If an extension of the discovery deadline is necessary in order to accommodate the conclusion of discovery, the parties are free to reach an agreement between themselves regarding such an extension and request that the court accept the agreement. It is unlikely that a modest and agreed-upon extension of the discovery deadline would require postponing the trial date.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge